IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ NOV 0 7 2008 ★

BROOKLYN OFFICE

MJF:JAJ
F.#2007RO0249, 2007RO0994

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

    -against-

HECTOR PORTILLO,
    also known as "Angel,"
    "Manuel" and "Chucky,"
NELSON MAURICIO PORTILLO ALAS,
    also known as "Snack,"
JAVIER BONILLA,
    also known as "Fantasma,"
    and "Ghost,"
LUIS BONILLA,
    also known as "Chofre,"
JAVIER IRHETA,
    also known as "Speedy"
    and "Juan Campos,"
VICTOR MEJIA,
FRANCISCO VALLE BLANCO,
    also known as "Hunter"
    and "Silent," and
LUIS VALLE BLANCO,
    also known as "Anvil,"

        Defendants.

- - - - - - - - - - - - - - - X

S U P E R S E D I N G
I N D I C T M E N T

Cr. No. <u>07-97 (S-4)(SJ)</u>

(T. 18, U.S.C., §§ 922(a)(5),
922(k), 924(a)(1)(B),
924(a)(1)(D), 924(b),
924(c)(1)(A)(i),
924(c)(1)(A)(iii), 1959(a)(1),
1959(a)(3), 1959(a)(5),
1959(a)(6), 1962(c), 1962(d),
1963, 2 and 3551 <u>et seq.</u>;
T. 21, U.S.C., §§ 841(b)(1)(C),
841(b)(1)(D) and 846)

THE GRAND JURY CHARGES:

<u>INTRODUCTION</u>

    At all times relevant to this Superseding Indictment,

unless otherwise indicated:

<u>The Enterprise</u>

    1.  La Mara Salvatrucha, also known as the "MS-13,"

(hereinafter the "MS-13" or the "enterprise") was a gang

comprised primarily of immigrants from Central America, with members located throughout Queens, New York, Long Island, New York and elsewhere.  Members and associates of the MS-13 have engaged in narcotics trafficking and acts of violence, including murder, attempted murder, robbery and assault.

2.   The defendants HECTOR PORTILLO, also known as "Angel," "Manuel" and "Chucky," NELSON MAURICIO PORTILLO ALAS, also known as "Snack," JAVIER BONILLA, also known as "Fantasma" and "Ghost," LUIS BONILLA, also known as "Chofre," JAVIER IRHETA, also known as "Speedy" and "Juan Campos," VICTOR MEJIA, FRANCISCO VALLE BLANCO, also known as "Hunter" and "Silent," and LUIS VALLE BLANCO, also known as "Anvil," were members and associates of the MS-13.

3.   The MS-13, including its leadership, membership and associates, constituted an "enterprise" as defined by Title 18, United States Code, Section 1961(4), that is, a group of individuals associated in fact.  The enterprise constituted an ongoing organization whose members functioned as a continuing unit for a common purpose of achieving the objectives of the enterprise.  The enterprise was engaged in, and its activities affected, interstate and foreign commerce.

### Purposes of the Enterprise

4.   The purposes of the enterprise included the following:

a.   Promoting and enhancing the prestige, reputation and position of the enterprise with respect to rival criminal organizations.

b.   Preserving and protecting the power, territory and criminal ventures of the enterprise through the use of intimidation, threats of violence and acts of violence, including assault and murder.

c.   Keeping victims and rivals in fear of the enterprise and its members and associates.

d.   Enriching the members and associates of the enterprise through criminal activity, including robbery and narcotics trafficking.

### Means and Methods of the Enterprise

5.   Among the means and methods by which the defendants and their associates conducted and participated in the conduct of the affairs of the enterprise were the following:

a.   Members of the MS-13 and their associates committed, attempted to commit and threatened to commit acts of violence, including murder, attempted murder, robbery and assault, to enhance the enterprise's prestige and protect and expand the enterprise's criminal operations.

4

   b.  Members of the MS-13 and their associates used and threatened to use physical violence against various individuals, including members of rival criminal organizations.

   c.  Members of the enterprise and their associates used, attempted to use, and conspired to use robbery and narcotics trafficking as means of obtaining money.

<u>COUNT ONE</u>
(Racketeering)

   6.  The allegations contained in paragraphs one through five are realleged and incorporated as if fully set forth in this paragraph.

   7.  In or about and between 1998 and the date of this Superseding Indictment, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants HECTOR PORTILLO, also known as "Angel," "Manuel" and "Chucky," NELSON MAURICIO PORTILLO ALAS, also known as "Snack," LUIS BONILLA, also known as "Chofre," JAVIER BONILLA, also known as "Fantasma" and "Ghost," JAVIER IRHETA, also known as "Speedy" and "Juan Campos," FRANCISCO VALLE BLANCO, also known as "Hunter" and "Silent," and LUIS VALLE BLANCO, also known as "Anvil," together with others, being persons employed by and associated with the MS-13, an enterprise that engaged in, and the activities of which affected, interstate and foreign commerce, knowingly and intentionally conducted and participated, directly and indirectly, in the conduct of the affairs of the MS-13

through a pattern of racketeering activity, as that term is defined by 18 U.S.C. § 1961(1) and (5), consisting of the racketeering acts set forth below.

### RACKETEERING ACT ONE
#### (Robbery)

8.    On or about November 5, 2003, within the Eastern District of New York, the defendant JAVIER IRHETA, together with others, did knowingly and intentionally rob John Doe #1, whose identity is known to the Grand Jury, in violation of New York Penal Law Sections 160.10 and 20.00.

### RACKETEERING ACT TWO
#### (Conspiracy to Distribute Narcotics)

9.    In or about and between January 2003 and August 2007, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant JAVIER IRHETA, together with others, did knowingly and intentionally conspire to distribute and possess with intent to distribute one or more controlled substances, which offense involved (a) a substance containing cocaine, a Schedule II controlled substance, and (b) marijuana, a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 846.

### RACKETEERING ACT THREE
#### (Distribution of Narcotics)

10.    On or about June 18, 2004, within the Eastern District of New York, the defendant JAVIER IRHETA, together with

others, did knowingly and intentionally distribute and possess
with intent to distribute a controlled substance, which offense
involved a substance containing cocaine, a Schedule II controlled
substance, in violation of Title 21, United States Code, Sections
841(a)(1).

<u>RACKETEERING ACT FOUR</u>
(Possession of Fraudulent Immigration Document)

11.   On or about June 18, 2004, within the Eastern
District of New York, the defendant JAVIER IRHETA did knowingly
and intentionally use, attempt to use and possess a visa, permit,
alien registration receipt card and other document prescribed by
statute and regulation for entry into and as evidence of
authorized stay and employment in the United States, to wit: a
Resident Alien Card, knowing the same to have been forged,
counterfeited, altered and falsely made, in violation of Title
18, United States Code, Section 1546.

<u>RACKETEERING ACT FIVE</u>
(Attempted Murder)

12.   On or about and between February 16, 2006 and
February 17, 2006, both dates being approximate and inclusive,
within the Eastern District of New York, the defendants HECTOR
PORTILLO and JAVIER IRHETA, together with others, did knowingly
and intentionally attempt to cause the death of another person,

to wit: John Doe #2, whose identity is known to the Grand Jury, in violation of New York Penal Law Sections 125.25(1), 110.00 and 20.00.

### RACKETEERING ACT SIX
(Conspiracy to Murder)

13.  On or about and between May 1, 2006 and the date of this Superseding Indictment, both dates being approximate and inclusive, within the Eastern District of New York, the defendants HECTOR PORTILLO and JAVIER IRHETA, together with others, did knowingly and intentionally conspire to cause the death of one or more other persons, to wit, members of a set of the Bloods gang, located in Flushing, New York, in violation of New York Penal Law Sections 125.25(1) and 105.15.

### RACKETEERING ACT SEVEN
(Attempted Murder)

14.  On or about August 6, 2006, within the Eastern District of New York, the defendants NELSON MAURICIO PORTILLO ALAS, LUIS BONILLA, FRANCISCO VALLE BLANCO and LUIS VALLE BLANCO, together with others, did knowingly and intentionally attempt to cause the death of another person, to wit: John Doe #3, whose identity is known to the Grand Jury, in violation of New York Penal Law Sections 125.25(1), 110.00 and 20.00.

### RACKETEERING ACT EIGHT
(Conspiracy to Murder)

15.  In or about and between August 2006 and October 2006, both dates being approximate and inclusive, within the

Eastern District of New York and elsewhere, the defendants NELSON MAURICIO PORTILLO ALAS, FRANCISCO VALLE BLANCO and LUIS VALLE BLANCO, together with others, did knowingly and intentionally conspire to cause the death of one or more other persons, to wit, members of a set of the Crips gang, located in Jamaica, New York, in violation of New York Penal Law Sections 125.25(1) and 105.15.

RACKETEERING ACT NINE<br/>(Attempted Murder)

16.   The defendant HECTOR PORTILLO committed the following acts, either one of which alone constitutes Racketeering Act Nine:

A.   <u>Attempted Murder</u>

17.   On or about August 28, 2006, within the Eastern District of New York, the defendant HECTOR PORTILLO, together with others, did knowingly and intentionally attempt to cause the death of another person, to wit: John Doe #4, whose identity is known to the Grand Jury, in violation of New York Penal Law Sections 125.25(1), 110.00 and 20.00.

B.   <u>Attempted Murder</u>

18.   On or about August 28, 2006, within the Eastern District of New York, the defendant HECTOR PORTILLO, together with others, did knowingly and intentionally attempt to cause the death of another person, to wit: John Doe #5, whose identity is known to the Grand Jury, in violation of New York Penal Law Sections 125.25(1), 110.00 and 20.00.

## RACKETEERING ACT TEN
(Conspiracy to Murder and Attempted Murder)

19.   The defendant JAVIER BONILLA committed the following acts, either one of which alone constitutes Racketeering Act Ten:

A.   Conspiracy to Murder

20.   On or about and between December 18, 2006 and December 20, 2006, both dates being approximate and inclusive, within the Eastern District of New York, the defendant JAVIER BONILLA, together with others, did knowingly and intentionally conspire to cause the death of one or more other persons, to wit, members of a set of the Latin Kings, located in Jamaica, New York, in violation of New York Penal Law Sections 125.25(1) and 105.15.

B.   Attempted Murder

21.   On or about December 20, 2006, within the Eastern District of New York, the defendant JAVIER BONILLA, together with others, did knowingly and intentionally attempt to cause the death of another person, to wit: John Doe #6, whose identity is known to the Grand Jury, in violation of New York Penal Law Sections 125.25(1), 110.00 and 20.00.

## RACKETEERING ACT ELEVEN
(Murder)

22.   On or about December 24, 2006, within the Eastern District of New York, the defendants HECTOR PORTILLO, LUIS

BONILLA and JAVIER IRHETA, together with others, did knowingly and intentionally cause the death of another person, to wit: Pashad Gray, in violation of New York Penal Law Sections 125.25(1) and 20.00.

RACKETEERING ACT TWELVE
(Attempted Murder)

23. On or about January 9, 2007, within the Eastern District of New York, the defendant JAVIER BONILLA, together with others, did knowingly and intentionally attempt to cause the death of another person, to wit: John Doe #7, whose identity is known to the Grand Jury, in violation of New York Penal Law Sections 125.25(1), 110.00 and 20.00.

(Title 18, United States Code, Sections 1962(c), 1963 and 3551 et seq.)

COUNT TWO
(Racketeering Conspiracy)

24. The allegations contained in paragraphs one through five are realleged and incorporated as if fully set forth in this paragraph.

25. In or about and between 1998 and the date of this Superseding Indictment, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants HECTOR PORTILLO, also known as "Angel," "Manuel" and "Chucky," NELSON MAURICIO PORTILLO ALAS, also known as "Snack," JAVIER BONILLA, also known as "Fantasma" and "Ghost,"

LUIS BONILLA, also known as "Chofre," JAVIER IRHETA, also known as "Speedy" and "Juan Campos," FRANCISCO VALLE BLANCO, also known as "Hunter" and "Silent," and LUIS VALLE BLANCO, also known as "Anvil," together with others, being persons employed by and associated with the MS-13, an enterprise that engaged in, and the activities of which affected, interstate and foreign commerce, did knowingly and intentionally conspire to violate Title 18, United States Code, Section 1962(c), that is, to conduct and participate, directly and indirectly, in the conduct of the affairs of the enterprise through a pattern of racketeering activity, as that term is defined in Title 18, United States Code, Sections 1961(1) and (5).

26. The pattern of racketeering activity through which the defendants HECTOR PORTILLO, NELSON MAURICIO PORTILLO ALAS, JAVIER BONILLA, LUIS BONILLA, JAVIER IRHETA, FRANCISCO VALLE BLANCO and LUIS VALLE BLANCO agreed to conduct the affairs of the enterprise consisted of the racketeering acts set forth in paragraphs eight through twenty-three of Count One of this Superseding Indictment, as Racketeering Acts One through Twelve, which are realleged and incorporated as if fully set forth in this paragraph. Each defendant agreed that a conspirator would

commit at least two acts of racketeering in the conduct of the affairs of the enterprise.

(Title 18, United States Code, Sections 1962(d), 1963 and 3551 et seq.)

### COUNT THREE
(Conspiracy to Distribute Narcotics)

27. In or about and between January 2003 and August 2007, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant JAVIER IRHETA, also known as "Speedy" and "Juan Campos," together with others, did knowingly and intentionally conspire to distribute and to possess with intent to distribute one or more controlled substances, which offense involved (a) a substance containing cocaine, a Schedule II controlled substance, and (b) marijuana, a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1).

(Title 21, United States Code, Sections 846, 841(b)(1)(C) and 841(b)(1)(D); Title 18, United States Code, Sections 3551 et seq.)

### COUNT FOUR
(Attempted Murder In-Aid-Of Racketeering)

28. At all times relevant to this Superseding Indictment, the MS-13, as more fully described in paragraphs one through five, which are realleged and incorporated as if fully set forth in this paragraph, including its leadership, membership

and associates, constituted an "enterprise" as defined in Section 1959(b)(2) of Title 18, United States Code, that is, a group of individuals associated in fact that was engaged in, and the activities of which affected, interstate and foreign commerce. The enterprise constituted an ongoing organization whose members functioned as a continuing unit for a common purpose of achieving the objectives of the enterprise.

29.  At all times relevant to this Superseding Indictment, the MS-13, through its members and associates, engaged in racketeering activity, as defined in Title 18, United States Code, Sections 1959(b)(1) and 1961(1), that is, acts and threats involving murder and robbery, in violation of the laws of the State of New York, and narcotics trafficking, in violation of Title 21, United States Code, Sections 841 and 846.

30.  On or about and between February 16, 2006 and February 17, 2006, both dates being approximate and inclusive, within the Eastern District of New York, the defendants HECTOR PORTILLO, also known as "Angel," "Manuel" and "Chucky," and JAVIER IRHETA, also known as "Speedy" and "Juan Campos," together with others, for the purpose of maintaining and increasing their positions in the MS-13, an enterprise that was engaged in racketeering activity, did knowingly and intentionally attempt to murder an individual, to wit: John Doe #2, whose identity is

known to the Grand Jury, in violation of New York Penal Law
Sections 125.25(1), 110.00 and 20.00.

(Title 18, United States Code, Sections 1959(a)(5), 2
and 3551 et seq.)

COUNT FIVE
(Assault with a Dangerous Weapon In-Aid-Of Racketeering)

31.  The allegations contained in paragraphs one
through five and twenty-eight and twenty-nine are realleged and
incorporated as if fully set forth in this paragraph.

32.  On or about February 17, 2006, within the Eastern
District of New York, the defendants HECTOR PORTILLO, also known
as "Angel," "Manuel" and "Chucky," and JAVIER IRHETA, also known
as "Speedy" and "Juan Campos," together with others, for the
purpose of maintaining and increasing their positions in the MS-
13, an enterprise that was engaged in racketeering activity, did
knowingly and intentionally assault an individual, to wit: John
Doe #2, whose identity is known to the Grand Jury, with a
dangerous weapon, to wit: a firearm, in violation of New York
Penal Law Sections 120.05(2) and 20.00.

(Title 18, United States Code, Sections 1959(a)(3), 2
and 3551 et seq.)

COUNT SIX
(Using and Carrying a Firearm during a Crime of Violence)

33.  On or about and between February 16, 2006 and
February 17, 2006, both dates being approximate and inclusive,

within the Eastern District of New York, the defendants HECTOR PORTILLO, also known as "Angel," "Manuel" and "Chucky," and JAVIER IRHETA, also known as "Speedy" and "Juan Campos," together with others, did knowingly and intentionally use and carry a firearm during and in relation to one or more crimes of violence, to wit: the crimes charged in Counts Four and Five, and did knowingly and intentionally possess a firearm in furtherance of said crimes of violence.

(Title 18, United States Code, Sections 924(c)(1)(A)(iii), 2 and 3551 et seq.)

COUNT SEVEN
(Conspiracy to Murder In-Aid-Of Racketeering)

34. The allegations contained in paragraphs one through five and twenty-eight and twenty-nine are realleged and incorporated as if fully set forth in this paragraph.

35. On or about and between May 1, 2006 and the date of this Superseding Indictment, both dates being approximate and inclusive, within the Eastern District of New York, the defendants HECTOR PORTILLO, also known as "Angel," "Manuel" and "Chucky," and JAVIER IRHETA, also known as "Speedy" and "Juan Campos," together with others, for the purpose of maintaining and increasing their positions in the MS-13, an enterprise that was engaged in racketeering activity, did knowingly and intentionally conspire to murder one or more individuals, to wit: members of a

set of the Bloods gang, located in Flushing, New York, in violation of New York Penal Law Sections 125.25(1) and 105.15.

(Title 18, United States Code, Sections 1959(a)(5) and 3551 et seq.)

<u>COUNT EIGHT</u>
(Using and Carrying a Firearm during a Crime of Violence)

36.  On or about and between May 1, 2006 and the date of this Superseding Indictment, both dates being approximate and inclusive, within the Eastern District of New York, the defendants HECTOR PORTILLO, also known as "Angel," "Manuel" and "Chucky," and JAVIER IRHETA, also known as "Speedy" and "Juan Campos," together with others, did knowingly and intentionally use and carry a firearm during and in relation to a crime of violence, to wit: the crime charged in Count Seven, and did knowingly and intentionally possess a firearm in furtherance of said crime of violence.

(Title 18, United States Code, Sections 924(c)(1)(A)(iii), 2 and 3551 et seq.)

<u>COUNT NINE</u>
(Assault with a Dangerous Weapon In-Aid-Of Racketeering)

37.  The allegations contained in paragraphs one through five and twenty-eight and twenty-nine are realleged and incorporated as if fully set forth in this paragraph.

38.  On or about August 6, 2006, within the Eastern District of New York, the defendants NELSON MAURICIO PORTILLO

ALAS, also known as "Snack," LUIS BONILLA, also known as "Chofre," and LUIS VALLE BLANCO, also known as "Anvil," together with others, for the purpose of maintaining and increasing their positions in the MS-13, an enterprise that was engaged in racketeering activity, did knowingly and intentionally assault an individual, to wit: John Doe #3, whose identity is known to the Grand Jury, with one or more dangerous weapons, to wit: a knife, a bottle and a pipe, in violation of New York Penal Law Sections 120.05(2) and 20.00.

(Title 18, United States Code, Sections 1959(a)(3), 2 and 3551 et seq.)

## COUNT TEN
(Transportation of a Firearm)

39.  On or about August 17, 2006, within the Eastern District of New York and elsewhere, the defendants NELSON MAURICIO PORTILLO ALAS, also known as "Snack," FRANCISCO VALLE BLANCO, also known as "Hunter" and "Silent," and LUIS VALLE BLANCO, also known as "Anvil," together with others, not being licensed importers, licensed manufacturers, licensed dealers or licensed collectors of firearms, did knowingly and willfully transfer, sell, transport and deliver a firearm to a person other than a licensed importer, licensed manufacturer, licensed dealer or licensed collector of firearms, knowing and having reasonable cause to believe that such person did not reside in the state in

which defendant LUIS VALLE BLANCO resided, to wit: the State of Pennsylvania.

(Title 18, United States Code, Sections 922(a)(5), 924(a)(1)(D), 2 and 3551 et seq.)

<u>COUNT ELEVEN</u>
(Transportation of a Firearm with an Obliterated Serial Number)

40.  On or about August 17, 2006, within the Eastern District of New York and elsewhere, the defendant LUIS VALLE BLANCO, also known as "Anvil," together with others, did knowingly and intentionally transport, in interstate commerce, a firearm which had had the importer's and manufacturer's serial number removed, obliterated and altered, to wit: a Rossi .38 caliber revolver, and did knowingly and intentionally possess said firearm, which had been transported in interstate commerce.

(Title 18, United States Code, Sections 922(k), 924(a)(1)(B), 2 and 3551 et seq.)

<u>COUNT TWELVE</u>
(Conspiracy to Murder In-Aid-Of Racketeering)

41.  The allegations contained in paragraphs one through five and twenty-eight and twenty-nine are realleged and incorporated as if fully set forth in this paragraph.

42.  In or about and between August 2006 and October 2006, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants NELSON MAURICIO PORTILLO ALAS, also known as "Snack," FRANCISCO VALLE

BLANCO, also known as "Hunter" and "Silent," and LUIS VALLE

BLANCO, also known as "Anvil," together with others, for the

purpose of maintaining and increasing their positions in MS-13,

an enterprise that was engaged in racketeering activity, did

knowingly and intentionally conspire to murder one or more

individuals, to wit: members of a set of the Crips gang, located

in Jamaica, New York, in violation of New York Penal Law Sections

125.25(1) and 105.15.

(Title 18, United States Code, Sections 1959(a)(5) and

3551 et seq.)

## COUNT THIRTEEN
### (Using and Carrying a Firearm during a Crime of Violence)

43.   On or about August 17, 2006, within the Eastern

District of New York and elsewhere, the defendants NELSON

MAURICIO PORTILLO ALAS, also known as "Snack," FRANCISCO VALLE

BLANCO, also known as "Hunter" and "Silent," and LUIS VALLE

BLANCO, also known as "Anvil," together with others, did

knowingly and intentionally use and carry a firearm during and in

relation to a crime of violence, to wit: the crime charged in

Count Twelve, and did knowingly and intentionally possess a

firearm in furtherance of said crime of violence.

(Title 18, United States Code, Sections

924(c)(1)(A)(i), 2 and 3551 et seq.)

<u>COUNT FOURTEEN</u>
(Transportation of a Firearm for Use in a Felony)

44.  On or about August 17, 2006, within the Eastern
District of New York and elsewhere, the defendants NELSON
MAURICIO PORTILLO ALAS, also known as "Snack," FRANCISCO VALLE
BLANCO, also known as "Hunter" and "Silent," and LUIS VALLE
BLANCO, also known as "Anvil," together with others, did
knowingly and intentionally ship, transport and receive a firearm
in interstate commerce, knowing and having reasonable cause to
believe that one or more offenses punishable by imprisonment for
a term exceeding one year, to wit: Murder in the Second Degree,
in violation of New York Penal Law Sections 125.25(1) and 20.00,
and Assault in the Second Degree, in violation of New York Penal
Law Sections 120.05(2) and 20.00, would be committed therewith.

(Title 18, United States Code, Sections 924(b), 2 and
3551 <u>et</u> <u>seq</u>.)

<u>COUNT FIFTEEN</u>
(Attempted Murder In Aid Of Racketeering)

45.  The allegations contained in paragraphs one
through five and twenty-eight and twenty-nine are realleged and
incorporated as if fully set forth in this paragraph.

46.  On or about August 28, 2006, within the Eastern
District of New York, the defendant HECTOR PORTILLO, also known
as "Angel," "Manuel" and "Chucky," together with others, for the
purpose of maintaining and increasing his position in the MS-13,

an enterprise that was engaged in racketeering activity, did knowingly and intentionally attempt to murder an individual, to wit: John Doe #4, whose identity is known to the Grand Jury, in violation of New York Penal Law Sections 125.25(1), 110.00 and 20.00.

(Title 18, United States Code, Sections 1959(a)(5), 2 and 3551 et seq.)

<u>COUNT SIXTEEN</u>
(Assault with a Dangerous Weapon In-Aid-Of Racketeering)

47.   The allegations contained in paragraphs one through five and twenty-eight and twenty-nine are realleged and incorporated as if fully set forth in this paragraph.

48.   On or about August 28, 2006, within the Eastern District of New York, the defendant HECTOR PORTILLO, also known as "Angel," "Manuel" and "Chucky," together with others, for the purpose of maintaining and increasing his position in the MS-13, an enterprise that was engaged in racketeering activity, did knowingly and intentionally assault an individual, to wit: John Doe #4, whose identity is known to the Grand Jury, with a dangerous weapon, to wit: a knife, in violation of New York Penal Law Section 120.05(2).

(Title 18, United States Code, Sections 1959(a)(3), 2 and 3551 et seq.)

<u>COUNT SEVENTEEN</u>
(Attempted Murder In-Aid-Of Racketeering)

49.  The allegations contained in paragraphs one through five and twenty-eight and twenty-nine are realleged and incorporated as if fully set forth in this paragraph.

50.  On or about August 28, 2006, within the Eastern District of New York, the defendant HECTOR PORTILLO, also known as "Angel," "Manuel" and "Chucky," together with others, for the purpose of maintaining and increasing his position in the MS-13, an enterprise that was engaged in racketeering activity, did knowingly and intentionally attempt to murder an individual, to wit: John Doe #5, whose identity is known to the Grand Jury, in violation of New York Penal Law Sections 125.25(1), 110.00 and 20.00.

(Title 18, United States Code, Sections 1959(a)(5), 2 and 3551 <u>et</u> <u>seq</u>.)

<u>COUNT EIGHTEEN</u>
(Assault with a Dangerous Weapon In-Aid-Of Racketeering)

51.  The allegations contained in paragraphs one through five and twenty-eight and twenty-nine are realleged and incorporated as if fully set forth in this paragraph.

52.  On or about August 28, 2006, within the Eastern District of New York, the defendant HECTOR PORTILLO, also known as "Angel," "Manuel" and "Chucky," together with others, for the purpose of maintaining and increasing his position in the MS-13,

an enterprise that was engaged in racketeering activity, did knowingly and intentionally assault an individual, to wit: John Doe #5, whose identity is known to the Grand Jury, with one or more dangerous weapons, to wit: a knife and a BB-gun, in violation of New York Penal Law Section 120.05(2).

(Title 18, United States Code, Sections 1959(a)(3), 2 and 3551 et seq.)

COUNT NINETEEN
(Conspiracy to Murder In-Aid-Of Racketeering)

53. The allegations contained in paragraphs one through five and twenty-eight and twenty-nine are realleged and incorporated as if fully set forth in this paragraph.

54. On or about and between December 18, 2006 and December 20, 2006, within the Eastern District of New York, the defendant JAVIER BONILLA, also known as "Fantasma" and "Ghost," together with others, for the purpose of maintaining and increasing his position in the MS-13, an enterprise that was engaged in racketeering activity, did knowingly and intentionally conspire to murder one or more individuals, to wit: members of a set of the Latin Kings, located in Jamaica, New York, in violation of New York Penal Law Sections 125.25(1) and 105.15.

(Title 18, United States Code, Sections 1959(a)(5) and 3551 et seq.)

<u>COUNT TWENTY</u>
(Using and Carrying a Firearm During a Crime of Violence)

55.  On or about December 20, 2006, within the Eastern District of New York, the defendant JAVIER BONILLA, also known as "Fantasma" and "Ghost," together with others, did knowingly and intentionally use and carry a firearm during and in relation to a crime of violence, to wit: the crime charged in Count Nineteen, and did knowingly and intentionally possess a firearm in furtherance of said crime of violence.

(Title 18, United States Code, Sections 924(c)(1)(A)(i), 2 and 3551 <u>et</u> <u>seq.</u>)

<u>COUNT TWENTY-ONE</u>
(Attempted Murder In-Aid-Of Racketeering)

56.  The allegations contained in paragraphs one through five and twenty-eight and twenty-nine are realleged and incorporated as if fully set forth in this paragraph.

57.  On or about December 20, 2006, within the Eastern District of New York, the defendant JAVIER BONILLA, also known as "Fantasma" and "Ghost," together with others, for the purpose of maintaining and increasing his position in the MS-13, an enterprise that was engaged in racketeering activity, did knowingly and intentionally attempt to murder an individual, to wit: John Doe #6, whose identity is known to the Grand Jury, in

violation of New York Penal Law Sections 125.25(1), 110.00 and

20.00.

(Title 18, United States Code, Sections 1959(a)(5), 2

and 3551 et seq.)

<u>COUNT TWENTY-TWO</u>
(Assault with a Dangerous Weapon In-Aid-Of Racketeering)

58.  The allegations contained in paragraphs one

through five and twenty-eight and twenty-nine are realleged and

incorporated as if fully set forth in this paragraph.

59.  On or about December 20, 2006, within the Eastern

District of New York, the defendant JAVIER BONILLA, also known as

"Fantasma" and "Ghost," together with others, for the purpose of

maintaining and increasing his position in MS-13, an enterprise

that was engaged in racketeering activity, did knowingly and

intentionally assault an individual, to wit: John Doe #6, whose

identity is known to the Grand Jury, with a dangerous weapon, to

wit: a knife, in violation of New York Penal Law Sections

120.05(2) and 20.00.

(Title 18, United States Code, Sections 1959(a)(3), 2

and 3551 et seq.)

<u>COUNT TWENTY-THREE</u>
(Murder In-Aid-Of Racketeering)

60.  The allegations contained in paragraphs one

through five and twenty-eight and twenty-nine are realleged and

incorporated as if fully set forth in this paragraph.

61.  On or about December 24, 2006, within the Eastern District of New York, the defendants HECTOR PORTILLO, also known as "Angel," "Manuel" and "Chucky," LUIS BONILLA, also known as "Chofre," and JAVIER IRHETA, also known as "Speedy," together with others, for the purpose of maintaining and increasing their positions in the MS-13, an enterprise engaged in racketeering activity, did knowingly and intentionally murder an individual, to wit: Pashad Gray, in violation of New York Penal Law Sections 125.25(1) and 20.00.

(Title 18, United States Code, Sections 1959(a)(1), 2 and 3551 et seq.)

COUNT TWENTY-FIVE
(Attempted Assault with a Dangerous Weapon In-Aid-Of Racketeering)

62.  The allegations contained in paragraphs one through five and twenty-eight and twenty-nine are realleged and incorporated as if fully set forth in this paragraph.

63.  On or about January 9, 2007, within the Eastern District of New York, the defendants JAVIER BONILLA, also known as "Fantasma" and "Ghost," and VICTOR MEJIA, together with others, for the purpose of gaining entrance to and maintaining and increasing their positions in the MS-13, an enterprise that was engaged in racketeering activity, did knowingly and intentionally attempt to assault an individual, to wit: a member of a set of the Latin Kings, located in Brentwood, New York, with

a dangerous weapon, to wit: a firearm, in violation of New York Penal Law Sections 120.05(2), 110.00 and 20.00.

(Title 18, United States Code, Sections 1959(a)(6), 2 and 3551 et seq.)

### COUNT TWENTY-SIX
(Using and Carrying a Firearm During a Crime of Violence)

64. On or about January 9, 2007, within the Eastern District of New York, the defendants JAVIER BONILLA, also known as "Fantasma" and "Ghost," and VICTOR MEJIA, together with others, did knowingly and intentionally use and carry a firearm during and in relation to a crime of violence, to wit: the crime charged in Count Twenty-Five, and did knowingly and intentionally possess a firearm in furtherance of said crime of violence.

(Title 18, United States Code, Sections 924(c)(1)(A)(iii), 2 and 3551 et seq.)

### COUNT TWENTY-SEVEN
(Attempted Murder In-Aid-Of Racketeering)

65. The allegations contained in paragraphs one through five and twenty-eight and twenty-nine are realleged and incorporated as if fully set forth in this paragraph.

66. On or about January 9, 2007, within the Eastern District of New York, the defendants JAVIER BONILLA, also known as "Fantasma" and "Ghost," and VICTOR MEJIA, together with others, for the purpose of gaining entrance to and maintaining and increasing their positions in the MS-13, an enterprise that

was engaged in racketeering activity, did knowingly and intentionally attempt to murder an individual, to wit: John Doe #7, whose identity is known to the Grand Jury, in violation of New York Penal Law Sections 125.25(1), 110.00 and 20.00.

(Title 18, United States Code, Sections 1959(a)(5), 2 and 3551 et seq.)

COUNT TWENTY-EIGHT
(Assault with a Dangerous Weapon In-Aid-Of Racketeering)

67.  The allegations contained in paragraphs one through five and twenty-eight and twenty-nine are realleged and incorporated as if fully set forth in this paragraph.

68.  On or about January 9, 2007, within the Eastern District of New York, the defendants JAVIER BONILLA, also known as "Fantasma" and "Ghost," and VICTOR MEJIA, together with others, for the purpose of gaining entrance to and maintaining and increasing their positions in the MS-13, an enterprise that was engaged in racketeering activity, did knowingly and intentionally assault an individual, to wit: John Doe #7, whose identity is known to the Grand Jury, with a dangerous weapon, to wit: a firearm, in violation of New York Penal Law Sections 120.05(2) and 20.00.

(Title 18, United States Code, Sections 1959(a)(3), 2 and 3551 et seq.)

<u>COUNT TWENTY-NINE</u>
(Using and Carrying a Firearm During a Crime of Violence)

69.  On or about January 9, 2007, within the Eastern District of New York, the defendants JAVIER BONILLA, also known as "Fantasma" and "Ghost," and VICTOR MEJIA, together with others, did knowingly and intentionally use and carry a firearm during and in relation to one or more crimes of violence, to wit: the crimes charged in Count Twenty-Seven and Twenty-Eight, and did knowingly and intentionally possess a firearm in furtherance of said crimes of violence.

(Title 18, United States Code, Sections 924(c)(1)(A)(iii), 2 and 3551 <u>et seq</u>.)

A TRUE BILL

_Paul Cye_
FOREPERSON

BENTON J. CAMPBELL
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

BY: _____
ACTING UNITED STATES ATTORNEY
PURSUANT TO 28 C.F.R. 0.136

F. #2007R00994

FORM DBD-34

JUN. 85

# UNITED STATES DISTRICT COURT

EASTERN *District of* NEW YORK

CRIMINAL DIVISION

THE UNITED STATES OF AMERICA

*vs.*

HECTOR PORTILLO, also known as "Angel," "Manuel" and "Chucky," NELSON MAURICIO PORTILLO ALAS, also known as "Snack,"
JAVIER BONILLA, also known as "Fantasma," and "Ghost," LUIS BONILLA, also known as "Chofre,"
JAVIER IRHETA, also known as "Speedy" and "Juan Campos," VICTOR MEJIA,
FRANCISCO VALLE BLANCO, also known as "Hunter" and "Silent," and LUIS VALLE BLANCO, also known as "Anvil,"

Defendants.

No. *07-cr-97 (S-4)(SJ)*

## SUPERSEDING INDICTMENT

(T. 18, U.S.C., §§ 922(a)(5), 922(k), 924(a)(1)(B), 924(a)(1)(D), 924(b), 924(c)(1)(A)(i), 924(c)(1)(A)(iii), 1959(a)(1),
1959(a)(3), 1959(a)(5), 1959(a)(6), 1962(c), 1962(d), 1963, 2 and 3551 *et seq.*; T. 21, U.S.C., §§ 841(b)(1)(C), 841(b)(1)(D) and 846)

*A true bill.*

_____
                              *Foreman*

*Filed in open court this* _____ *day,*

*of* _____ A.D. 20 ___

                                      /s/

_____
                                 *Clerk*

*Bail,* $ _____

_____

*Jason A. Jones, Assistant U.S. Attorney (718-254-7553)*